UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROBERT LEE NEWTON, | Case No. CV 14-4209-DFM |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Robert Newton appeals from the final decision of the Administrative Law Judge ("ALJ") denying his applications for Social Security supplemental security income and disability insurance benefits. For the reasons discussed below, the Court concludes that the ALJ erred in determining that Plaintiff was capable of performing certain jobs at step five of the sequential evaluation process. The Commissioner's decision is therefore reversed and the matter is remanded for further proceedings consistent with this opinion.

///

///

///

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his applications for benefits on December 9, 2010, alleging disability beginning September 10, 2010. Administrative Record ("AR") 16. The ALJ determined that Plaintiff had the severe impairments of "status post multiple lower back surgeries with chronic low back pain, bilateral shoulder rotator cuff repair with limitation on range of motion, probable cervical spondylosis, history of hypertension, and obesity." AR 38. The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with additional limitations, including restrictions to only occasional left-shoulder reaching and frequent right-shoulder reaching. Id.

At the administrative hearing, the ALJ called a vocational expert ("VE") to testify about what work Plaintiff could perform given his impairments and functional limitations. AR 33-35. The ALJ presented to the VE a hypothetical based on Plaintiff's RFC:

> Please assume the existence of an individual who is the same age as [Plaintiff], who has the same educational background and the same past work experience. Assume further this individual can . . . lift and carry up to 10 pounds occasionally, less than 10 pounds frequently; stand and/or walk for a total of two hours in an eight-hour work day, sit about six hours in an eight-hour workday; pushing and pulling is limited to the weights indicated. And also for the left shoulder, reaching is limited to occasional. For the right shoulder, reaching is limited to frequent. And ramp and stair climbing is frequent. Ladder, rope, and scaffold climbing is occasional. Balancing is frequent. Stooping is occasional. Kneeling is frequent. Crouching is occasional. Crawling is occasional. Avoid even moderate exposure to unprotected heights and

    hazardous machinery. Would such an individual be able to do any of the past jobs?

AR 69-70; see AR 38.

    The VE testified that such an individual could not perform any of Plaintiff's past relevant work but could perform jobs that were available in significant numbers in the regional and national economy, such as assembler, table worker, and film touch-up inspector. AR 70; see DOT 734.687-018, available at 1991 WL 679950; DOT 739.687-182, available at 1991 WL 680217; DOT 726.684-050, available at 1991 WL 679601.

    The ALJ then questioned the VE regarding the reaching requirements of the identified jobs, as follows:

> Q: And overhead reaching –
>
> A: Not [inaudible] but based on my knowledge of the job based on observation and job analysis, reaching above overhead is not required.
>
> Q: And any over-shoulder?
>
> A: No, again based on my knowledge of the job.
>
> Q: And the reaching limitations, left shoulder to occasional, right shoulder to frequent?
>
> A: We're looking – are we looking at directly in front of the person?
>
> Q: It just said pushing – let's see – pushing and pulling, it said, was limited to left shoulder reaching occasionally, right shoulder reaching as frequent. So I would say this was an explanation in connection with pushing or pulling with the upper extremities.
>
> A: Well, the – my opinion would be they could perform the jobs. Again, there's – A, reaching is just going to be directly in

front of them, so there's not an extension of the arms really far out. AR 70-71.

Based upon the VE's testimony, the ALJ concluded that Plaintiff was not disabled because he could perform work available in significant numbers in the regional and national economy. AR 40-41.

## II.
## ISSUES PRESENTED

The parties dispute whether the ALJ erred in (1) relying upon the VE's testimony that Plaintiff was capable of performing jobs at step five of the sequential evaluation process; and (2) failing to establish a significant number of jobs at step five.[1] See Joint Stipulation ("JS") at 4.

## III.
## DISCUSSION

Plaintiff contends that the ALJ erred in determining that he was capable of performing the jobs of assembler, table worker, and film touch-up inspector because the reaching requirements of those jobs are incompatible with his RFC. JS at 4-8. Specifically, the ALJ determined that Plaintiff could reach only occasionally with the left shoulder and frequently with the right shoulder, but according to the Dictionary of Occupational Titles ("DOT"), the jobs identified by the VE require either "constant" or "frequent" reaching. JS at 4-8; see AR 38; DOT 734.687-018 (assembler, requiring constant reaching), available at 1991 WL 679950; DOT 726.684-050 (film touch-up inspector, requiring constant reaching), available at 1991 WL 679601; DOT 739.687-182

---

[1] Because the Court concludes that the ALJ erred in determining that Plaintiff could perform other jobs available in the economy, it declines to address Plaintiff's other claim of error. The ALJ may wish to address Plaintiff's other claim upon remand.

(table worker, requiring frequent reaching), <u>available at</u> 1991 WL 680217. The Social Security regulations define reaching as "extending the hands and arms in <u>any</u> direction." Social Security Ruling ("SSR") 85-15, 1985 WL 56857, at *7 (1985) (emphasis added). Because the DOT descriptions of all three jobs require more than occasional reaching with the left shoulder and the descriptions of two of the three jobs require more than frequent reaching with the right shoulder, there is an apparent conflict between the DOT and the VE's testimony.

When a VE's testimony conflicts with a DOT job listing, the ALJ "must elicit a reasonable explanation for the conflict before relying on the [expert's] evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4p, 2000 WL 1898704, at *2 (1985); <u>see also</u> <u>Massachi v. Astrue</u>, 486 F.3d 1149, 1153-54 (9th Cir. 2007). An ALJ's failure to perform this step constitutes procedural error. <u>Id.</u> at 1153-54 & n.19. However, the Court may find the error harmless if the VE provided sufficient support for her conclusion so as to justify any potential conflict. <u>Id.</u> at 1154 n.19.

Here, the VE did not explain her conclusion that a person with Plaintiff's limitation to only occasional reaching with the left shoulder could perform the jobs of assembler and film touch-up inspector, which require constant reaching, or the job of table worker, which requires frequent reaching. Nor did the VE provide a basis for her testimony that a person limited to only frequent reaching with the right shoulder could perform jobs requiring constant reaching. The ALJ did ask about overhead reaching, and the VE testified that the jobs did not require any overhead or over-shoulder reaching. AR 71. But when the ALJ asked about the limitations to occasional reaching with the left shoulder and frequent reaching with the right shoulder, the VE stated only that "reaching is going to be directly in front of them, so there's not an extension of the arms really far out." AR 71. This testimony did not address how frequently

5

reaching would be required in these three jobs.

Because VE concluded that Plaintiff could perform jobs whose requirements exceeded his limitations, she was required to provide an explanation of this disparity sufficient for the ALJ and the Court to defer to and rely upon. Massachi, 486 F.3d at 1153-54; see also Zavalin v. Colvin, 778 F.3d 842, 846 (9th Cir. 2015). Instead, the Court "ha[s] an apparent conflict with no basis for the vocational expert's deviation," a circumstance that compels a remand so that the ALJ can perform the appropriate inquiry under SSR 00-4p. See Massachi, 486 F.3d at 1154 & n.19.

Whether to remand for further proceedings or award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is warranted where additional administrative proceedings could remedy defects in the decision. McAllister, 888 F.2d at 603. Based on the foregoing, the Court finds that remand is warranted for clarification of the impact, if any, of Plaintiff's reaching limitations on his ability to perform the jobs identified by the VE, and to sufficiently explain any deviation from the DOT.

## IV.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is reversed and the matter is remanded for further proceedings consistent with this opinion.

Dated: August 21, 2015

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

6